**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TYRONE FORTUNE,** | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **No. 3:15-CV-3882-L** |
| | ) |
| **LORIE DAVIS, Director, TDCJ-CID,** | ) |
| **Respondent.** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

challenges his conviction for possession of a controlled substance with intent to deliver,

enhanced by two prior felony convictions.  *State of Texas v. Tyrone Fortune*, No. 26855 (354th

Jud. Dist. Ct., Hunt County, Tex., Jan. 23, 2012).  Pursuant to a plea agreement, Petitioner was

sentenced to fifteen years in prison.  He did not file an appeal.

On February 13, 2015, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte*

*Fortune*, No. 83,028-01.  On April 1, 2015, the Texas Court of Criminal Appeals dismissed the

petition for failure to comply with Texas Rule of Appellate Procedure 73.1.  On May 5, 2015,

Petitioner filed a second state habeas petition.  *Ex parte Fortune*, No. 83,028-02.  On July 1,

2015, the Court of Criminal Appeals denied the petition without written order.

On December 1, 2015, Petitioner filed the instant § 2254 petition.  He argues:

1.      His conviction was the result of an unlawful search and seizure; and

2.      He received ineffective assistance of counsel during the plea bargain process.

On April 18, 2016, Respondent filed her answer arguing the petition is time-barred.  On May 3, 2016, Petitioner filed a reply.  The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

On January 23, 2012, the trial court entered judgment. Petitioner did not file an appeal. His conviction therefore became final thirty days later on February 22, 2012. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until February 22, 2013, to file his federal petition.

The filing of a state petition for writ habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed his first state habeas petition on February 13, 2015. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal petition by February 22, 2013. He did not file his petition until December 1, 2015. The petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

---

      (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).   The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).   Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner claims his attorney told him he could not file an appeal from his plea bargain, and that he found out two years later that he could file a petition for writ of habeas corpus.   Petitioner does not allege, however, that his attorney told him he could not file a habeas petition.   Further, ignorance of the law does not entitle Petitioner to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, and lack of legal training do not support equitable tolling of the AEDPA statute of limitations).   Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling.

## III.  Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this /4 day of December, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -4-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).